

**NUMBER 13-25-00223-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

DANA HOLCOMB,                                                             Appellant,

v.

AMERICAN AIRLINES COMPANY,
AMERICAN AIRLINES CAPTAIN,
NU, AMERICAN AIRLINES FLIGHT
ATTENDANT, NU, AND CURTIS
BLESSING,                                                                   Appellees.

**ON APPEAL FROM THE 201ST DISTRICT COURT
OF TRAVIS COUNTY, TEXAS**

**MEMORANDUM OPINION**

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

By several multifarious issues, pro se appellant Dana Holcomb appeals the trial

court's granting of summary judgment in favor of appellees American Airlines Company,

American Airlines Captain, NU, American Airlines Flight Attendant, NU, and Curtis Blessing. We affirm.[1]

## I.    BACKGROUND[2]

On April 14, 2019, Holcomb traveled round-trip flight from Texas to Nevada on American Airlines. Holcomb held a first-class ticket and occupied a first-class seat while the plane was stopped on the tarmac during a layover in Arizona. While on the tarmac in Arizona, a White female passenger boarded the first-class cabin with her dog. According to Holcomb, he became ill with allergies, and some passengers exchanged seats to keep the dog further away from him. Holcomb asserted that he was then ordered to sit at the rear of the plane in coach because he was African American while the White female and her dog remained in first class. As a direct result of the incident, Holcomb allegedly sustained embarrassment, humiliation, and personal injuries.

In August 2019, Holcomb sued appellees and three American Airlines employees in Travis County, asserting negligence per se under Arizona Revised Statutes Section 41-1442, intentional infliction of emotional distress (IIED), defamation, and breach of contract. The trial court dismissed Holcomb's claims against the American Airlines employees, Holcomb appealed, and this Court affirmed. *Holcomb v. Tragarz*, No. 13-21-00328-CV, 2023 WL 4248911, at *1 (Tex. App.—Corpus Christi–Edinburg June 29, 2023, no pet.) (mem. op.).

On October 9, 2024, appellees filed a combined traditional and no-evidence motion

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] We recite the facts of the case from *Holcomb v. Tragarz*, No. 13-21-00328-CV, 2023 WL 4248911, at *1 (Tex. App.—Corpus Christi–Edinburg June 29, 2023, no pet.) (mem. op.).

2

for summary judgment, asserting there is no evidence of any elements of IIED or breach of contract. Appellees further asserted the trial court could not hear Holcomb's negligence per se cause of action based on a violation of Arizona statutes because the trial court lacked jurisdiction to enforce Arizona law. Holcomb responded and attached numerous exhibits to his response, but the trial court struck most of them.[3] On October 30, 2024, the trial court granted appellees' combined motion for summary judgment and dismissed Holcomb's claims with prejudice. Holcomb filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    SUMMARY JUDGMENT

### A.    Standard of Review & Applicable Law

We review a trial court's grant of summary judgment de novo. *See Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). When a party files a combined traditional and no-evidence motion for summary judgment and the trial court grants the motion without specifying on which provision it relied, wee review the no-evidence motion first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In a traditional motion, the movant must prove that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). In a no-evidence motion, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.* We indulge every reasonable inference and resolve

---

[3] Holcomb attached the following: his flight ticket; Arizona statutes; a news article; a photo of the captain; an e-mail response from an American Airlines representative providing Holcomb a refund; a bank transfer of the refund; a declaration from another passenger stating the captain "handled this very poorly"; his deposition excerpt; a document titled "contract provision"; a receipt for a hotel payment; a deposition from a medical doctor, and a deposition from a Doctor of Philosophy. The trial court did not strike the Arizona statutes.

doubts in the nonmovant's favor. *Id.* "If the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper." *Id.*

There are four elements to an IIED claim: (1) appellees acted intentionally or recklessly; (2) appellees' conduct was extreme and outrageous; (3) appellees' actions caused Holcomb emotional distress; and (4) Holcomb's emotional distress was severe. *Tex. Farm Bureau Mut. Ins. Co. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002). Extreme and outrageous behavior by appellees must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (internal quotation marks omitted). The essential elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by Holcomb; (3) breach of the contract by appellees; and that (4) appellees' breach caused Holcomb damages. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018); *Sci. Mach. & Welding, Inc. v. FlashParking, Inc.*, 641 S.W.3d 454, 462 (Tex. App.—Austin 2021, pet. denied).

## B.    Discussion

Here, the trial court struck almost all of Holcomb's summary judgment exhibits, and Holcomb does not appeal that decision. Therefore, we may not consider the struck exhibits in our review. *See Owens–Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 52 n. 7 (Tex.1998)*; *Hendee v. Dewhurst*, 228 S.W.3d 354, 376 (Tex. App.—Austin 2007, pet. denied) ("When reviewing a summary judgment, an appellate court cannot consider independent grounds—much less summary judgment evidence—not presented to the

trial court."); *Trevarthan v. Nationstar Mortg. LLC*, No. 03-15-00011-CV, 2016 WL 368533, at *3 n.4 (Tex. App.—Austin Jan. 29, 2016, no pet.) (mem. op.) ("The struck exhibits therefore may not be considered in our review."). Holcomb did not provide any evidence that appellees acted intentionally or recklessly; that their conduct was extreme and outrageous; that their conduct caused him emotional distress; or that his emotional distress was severe. *See Tex. Farm Bureau Mut. Ins. Co.*, 84 S.W.3d at 610. Furthermore, Holcomb did not produce evidence of a valid contract, performance by Holcomb, breach of the contract by appellees, and damages to Holcomb due to the breach. *See USAA Tex. Lloyds Co.*, 545 S.W.3d at 502 n.21; *see also California v. Copus*, 309 S.W.2d 227, 229 (Tex. 1958) (holding that state statutes do not have extraterritorial effect); *Pub. Util. Comm'n of Tex. v. Tex. Tel. Ass'n*, 163 S.W.3d 204, 217 (Tex. App.—Austin 2005, no pet.). Because Holcomb did not produce evidence in opposition of appellees' no-evidence motion for summary judgment, we conclude the trial court did not err in granting appellees' summary judgment motion. *See Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 898 n.2 (Tex. App.—Austin 2010, no pet.) ("[W]e do not rely on the City's excluded summary-judgment evidence."). We overrule Holcomb's issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
4th day of June, 2026.

5